[No. 933-3.    Division Three.    December 13, 1974.]

*In the Matter of the Appeal of* CLIFFORD HAHN.

W. *Gordon Kelley* and *James R. Blinn, Jr.*, for appellant.

*John C. Carlson* (of *Carlson & Carlson*), for respondent.

PER CURIAM.—This is an appeal from an order confirming a decision of the East Wenatchee Civil Service Commission terminating the employment of Clifford Hahn as Chief of Police.

RCW 41.12.090 governs the procedure and scope of appeal from a decision of a civil service commission and provides, in pertinent part:

> [T]he accused may appeal therefrom to the court of original and unlimited jurisdiction in civil suits of the county wherein he resides. . . . The court of original and unlimited jurisdiction in civil suits shall thereupon proceed to hear and determine such appeal in a summary manner: *Provided, however,* That such hearing shall be confined to the determination of whether the judgment or order of removal, discharge, demotion or suspension made by the commission, was or was not made in good faith for cause, and no appeal to such court shall be taken except upon such ground or grounds.

In commenting upon the scope of review of a civil service commission order discharging a police officer in *State ex*

*rel. Perry v. Seattle*, 69 Wn.2d 816, 819-21, 420 P.2d 704 (1966), the court said:

> We conclude that neither the superior court nor this court can consider the weight or sufficiency of the evidence. Appellate review is not a trial de novo. . . .
>
> . . .
>
> . . . The court is neither a fact-finding agency, a policy-making body, nor a hiring hall. Its function is limited to testing the legality of the administrative procedure. . . .
>
> . . .
>
> The crucial question is whether or not there is evidence to support the commission's conclusion. A finding or a conclusion made without evidence to support it, is, of course, arbitrary. . . . but it is not arbitrary or capricious if made with due consideration of the evidence presented at the hearing. . . . Neither the trial court nor this court can substitute its judgment for the independent judgment of the civil service commission.

The sole issue raised on appeal is whether the decision of the Civil Service Commission was arbitrary and capricious, and whether it was made in good faith and for cause.

At the Civil Service Commission hearing, the facts surrounding the mayor's termination of Mr. Hahn were exhaustively presented. After reviewing that record, we cannot say the commission acted arbitrarily or capriciously, nor that its decision to affirm the dismissal lacked cause or good faith. Whether Mr. Hahn's physical disability was the cause of the actions which formed the basis for the mayor's dismissal of Mr. Hahn, or vice versa, we find substantial evidence to support the commission's order affirming the dismissal.

Affirmed.